**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DEYON LAMONT MOORE,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

Defendant.

Case No. 2:17-cv-01970-KJD-CWH

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Deyon Moore's ("Plaintiff") application for disability insurance benefits under Title XVI of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 18), filed January 4, 2018, and the Commissioner's response and cross-motion to affirm (ECF No. 19), filed February 5, 2018. Plaintiff did not file a reply.

## BACKGROUND

### 1. Procedural History

On September 25, 2013, Plaintiff applied for disability insurance benefits and supplemental security income under Title XVI of the Act, alleging an onset date of August 8, 2012. AR[1] 29. Plaintiff's claim was denied initially, and on reconsideration. AR 67-116. A hearing was held before an Administrative Law Judge ("ALJ") on March 11, 2015. AR 46-66. On February 9, 2016, the ALJ issued a decision finding Plaintiff was not disabled. AR 29-45.

[1] AR refers to the Administrative Records in this matter. (Notice of Manual Filing (ECF No. 15).)

The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review.  AR 1-7.  Plaintiff, on May 15, 2017, commenced this action for judicial review under 42 U.S.C. §§ 405(g).  *See* ECF Nos. 1, 4.

**2.      The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920.  AR 11-12.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of August 8, 2012.  AR 32.  At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of deep venous thrombosis and morbid obesity.  *Id.*  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 36.  At step four, the ALJ found that the claimant has the residual functional capacity to perform light work but requires a cane for ambulation; and limited to frequent bending, stopping, crouching, and crawling.  *Id.*  The ALJ found that Plaintiff has no past relevant work.  AR 39.  The ALJ classified Plaintiff as possessing at least a high school education and the ability to communicate in English.  AR 39.  The ALJ treated the question of transferability of skills as immaterial.  *Id.*  The ALJ adduced and accepted testimony of a vocational expert that an individual of Moore's age, education, work experience, and residual functional capability could perform the work of fundraiser, survey worker, and information clerk. The ALJ concluded that Plaintiff did not suffer from a disability between August 8, 2012 and the date of the decision.  AR 40.

## DISCUSSION

**1.      Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and

transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should

be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2. Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see*

*also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2]  If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made.  If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[2]  SSRs constitute the SSA's official interpretation of the statute and regulations.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

Plaintiff moves to remand this matter because the ALJ's RFC assessment is not based on substantial evidence and free of legal error. Specifically, he argues that he submitted Dr. Edward Sun's RFC questionnaire in support of Plaintiff's request for review which the Appeals Council failed to make a part of the record, as they are required to do by agency regulation, and had they done so, the outcome should have been different.

The government argues that Plaintiff's failure to provide Dr. Sun's assessment, which is properly not part of the record, makes it impossible to make a meaningful response. It also argues that the court does not have jurisdiction to review the Appeals Council decision denying a request for review of an ALJ's decision, and that the RFC is supported by substantial evidence and free from error.

The ALJ made his decision on February 9, 2016 after the hearing on March 11, 2015. Plaintiff then requested review by the Appeals Council on April 14, 2016. AR 1-6. In its order

denying the appeal, the Council indicated that Plaintiff had submitted medical records and an RFC assessment from Dr. Edward Sun dated June 8, 2016. AR 2. The Council indicated that the additional evidence does not relate to the period at issue, and therefore it does not affect the decision about whether Plaintiff was disabled beginning on or before February 9, 2016. Accordingly, the Council advised Plaintiff that he could apply for benefits again, using April 14, 2016, the date of the request for review, as the date of the new claim. *Id.*

Although the court, upon review, has the power to affirm, modify, or reverse a decision of the Commissioner, it does not have the power to modify the administrative record. *See* 42 U.S.C. § 405g. Upon a showing that evidence not incorporated into the record is new, material, and there was good cause for the failure to timely submit the evidence before the record was closed, the court may remand the matter back to the Commissioner. *Id; Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). New evidence is considered material if it bears directly and substantially on the matter. *See id.* (*citing Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)). Plaintiff must also establish "there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* (*citing Booz v. Secretary of Health & Human Servs.*, 734 F.3d 1378, 1380-81 (9th Cir. 1983)).

*a. Materiality*

Although Plaintiff indicates that Dr. Sun's questionnaire is attached to his motion, it was not attached, nor does it appear in the court's docket. Nor was it subsequently provided when the Commissioner's response noted its absence. Accordingly, because the questionnaire is not a part of the record, the court is unable to assess its significance. Because there is no evidence that Dr. Sun's opinion concerns the period adjudicated by the ALJ, and because there is no evidence that it had any retrospective affect, it cannot be said to be material. *Mayes*, 276 F.3d at 462. Further, Plaintiff has not shown a reasonable possibility that the new evidence would have changed the outcome of the decision at hand. *Booz*, 734 F.3d at 1380-81. In reaching his RFC findings, the ALJ extensively analyzed Plaintiff's treatment records and medical opinions and explained his findings. AR 36-39. Here, Plaintiff has simply summarized Dr. Sun's findings without

comparing them to the findings of the ALJ, or explaining why the RFC was incorrect. The court cannot speculate as to the materiality of the evidence.

*b. Good cause*

Good cause for failure to timely submit records may be established if the evidence became available after the Commissioner's final decision and the claimant could not have obtained the evidence earlier. *Mayes*, 276 F.3d at 463. Moreover, Plaintiff must show good cause for not having sought the evidence earlier. *Id.* Plaintiff states he submitted this evidence to the Appeals Council, but he has not explained why he could not earlier have obtained a similar opinion from Dr. Sun, his alleged treating physician, prior to the ALJ issuing his decision. Plaintiff does not identify any evidence in the record which indicates that Dr. Sun was ever his treating physician. Plaintiff has failed to show good cause for the late submission of the evidence.

Finally, to the extent that Plaintiff attempts to appeal the decision of the Appeals Council to decline to consider new evidence, the argument is without merit. The Appeals Council's decision is not subject to judicial review because it is a non-final agency action. *Taylor v. Comm'r Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Only a final decision, the ALJ's decision, is subject to judicial review. *Batson v. Comm'r of Soc Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004). Plaintiff's argument relying upon sections of the Hearings, Appeals, and Litigation Law Manual (HALLEX), that the Council failed to comply with its regulations, is misplaced because HALLEX is not binding upon the agency. *Roberts v. Comm'r of Soc. Sec.*, 644 F.3d 932, 933 (9th Cir. 2011).

Plaintiff also argues that the RFC is without support because the ALJ did not adopt the opinions of the consultative examiner and the state agency physicians who assessed a medium RFC. But the RFC found by the ALJ was for a reduced range of light work. It is illogical for Plaintiff to argue that the RFC for light work requires greater ability than for medium work. Ultimately, the ALJ has the responsibility to translate medical findings into an RFC. *See Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ's RFC need not reflect any particular medical provider's assessment, it need only be consistent with them. *Turner v. Comm'r*

*of Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2013). Here, the ALJ thoroughly analyzed the evidence and made appropriate findings.

**CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand (ECF No. 18) be denied.

IT IS FURTHER RECOMMENDED that the Commissioner's cross-motion to affirm (ECF No. 19) be granted.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 15, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE